**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIEL M. MOSHOS,**

    Petitioner,                          **CASE NO. 2:11-CV-663
                                                   JUDGE MARBLEY**
    v.                                         **MAGISTRATE JUDGE KING**

**ROBIN KNAB, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,**

    Respondent.

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the *Petition*, Doc. No. 1, Respondent's *Return of Writ*, Doc. No. 7, Petitioner's *Traverse,* Doc. No. 10, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.  Petitioner's request for an evidentiary hearing, made in the *Petition* and in the *Traverse*, is **DENIED**.

**FACTS and PROCEDURAL HISTORY**

The Ohio Twelfth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On July 26, 2007, C.J, a 52-year-old married mother of two, filed a police report with the Wilmington Police Department alleging that appellant, a physician with Corporate Health Services (Corporate Health) located in Wilmington, Ohio, exposed his private parts and asked her to perform oral sex during a follow-up examination conducted at his office. On August 27, 2007, following a police investigation, appellant was arrested and charged with public indecency.
>
> On September 1, 2007, news of appellant's arrest for public indecency was reported in the local newspaper.

>Several days later, on September 5, 2007, Detective Josh Riley of the Wilmington Police Department received a call from an anonymous woman who stated that she "had the same thing happen [to her]," and that "the victim from the case [they] filed charges on was telling the truth." Upon further police investigation, which included identifying the anonymous woman as D.V., a 44-year-old single mother, appellant was indicted on two counts of gross sexual imposition and one count of attempted rape.
>
>After the trial court denied his motion to suppress and motion in limine, and following a four-day jury trial, appellant was found guilty on all counts and sentenced to serve a total of three years in prison.

*State v. Moshos,* No. CA2009-06-008, 2010 WL 2010 WL 703242, at *1 (Ohio App. 12th Dist. March 1, 2010).  Petitioner filed a timely appeal, raising the following assignments of error:

>1.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR SEVERANCE OF COUNT ONE OF THE INDICTMENT FROM COUNTS TWO, THREE AND FOUR AND AS A RESULT VIOLATED THE OHIO RAPE SHIELD ACT IN § 2907.02 AND § 2907.05, OHIO REVISED CODE § 2945.59 AND THE APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS PURSUANT TO THE OHIO AND UNITED STATES CONSTITUTIONS.
>
>2. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS AND PERMITTED INCRIMINATING EVIDENCE TO BE USED AT TRIAL WITHOUT PROPER AUTHENTICATION, ESTABLISHMENT OF CHAIN OF CUSTODY, AND THE GENUINE QUESTION AS TO ITS AUTHENTICITY HAD BEEN RAISED IN VIOLATION OF THE OHIO RULES OF EVIDENCE, APPELLANT'S RIGHT TO A FAIR TRIAL AND DUE PROCESS PURSUANT TO THE OHIO AND UNITED STATES CONSTITUTIONS.
>
>3. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL BY DENYING HIS ABILITY TO CROSS EXAMINE ONE OF THE ALLEGED VICTIMS REGARDING HER TRUTHFULNESS IN VIOLATION OF EVIDENCE RULE 608(B), OHIO EVIDENCE RULE 404(A)(2), THE CONFRONTATION CLAUSE, AND THE OHIO AND UNITED STATES CONSTITUTIONS.

2

>   4. THE EVIDENCE WAS INSUFFICIENT TO FIND THE APPELLANT GUILTY AND THUS, APPELLANT IS ENTITLED TO A JUDGMENT OF ACQUITTAL AS TO COUNTS ONE THROUGH FOUR PURSUANT TO OHIO RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
>
>   5. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

*State v. Moshos*, 2010 WL 703242, at *1. On March 1, 2010, the appellate court affirmed the judgment of the trial court. *Id.* On July 21, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Moshos*, 126 Ohio St.3d 1513 (2010).

One year later, on July 21, 2011, Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

>   1. Trial court violated Petitioner's constitutional right to due process as provided for in the 14th Amendment when it failed to grant Petitioner's motion to suppress and permitted the introduction of information to the jury which was inadmissable as evidence and lacked reliability and integrity.
>
>   2. Trial court violated Petitioner's constitutional right to due process as provided for in the 14th Amendment, and such violation was not cured and rendered harmless, when it failed to grant Petitioner's retrial motion to sever the counts with which Petitioner was charged.
>
>   3. While any single evidentiary violation on the part of the trial court may not be cognizable in a petition for habeas corpus, the cumulative effect of the trial court's evidentiary and due process errors had a substantial and injurious effect or influence in determining the jury's verdict, giving rise to habeas relief.
>
>   4. The Petitioner is entitled to an evidentiary hearing on these matters.

Respondent contends that Petitioner's claims are without merit.

3

## CLAIM ONE

In claim one, Petitioner alleges that he was denied a fair trial due to admission of an audio recording of a conversation between himself and C.J., one of the alleged victims. The state appellate court rejected this claim, reasoning as follows:

> Appellant argues that the trial court erred by allowing the state to play to the jury a digital audio recording of an alleged conversation between C.J. and appellant because the recording "could not be authenticated," and therefore, was "clearly not the best evidence." We disagree.
>
> A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion. *State v. Craft,* Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock,* 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, ¶ 130. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *State v. Pringle,* Butler App. Nos. CA2007-08-193, CA2007-09-238, 2008-Ohio-5421, ¶ 17.
>
> To be admissible, an audio recording must be authentic, accurate, and trustworthy. *State v. Were,* 118 Ohio St.3d 448, 890 N.E.2d 263, 2008-Ohio-2762, ¶ 109; *State v. Coleman* (1999), 85 Ohio St.3d 129, 141, 707 N.E.2d 476. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by introducing "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A); *State v. Bettis,* Butler App. No. CA2004-02-034, 2005-Ohio-2917, ¶ 26. The "sufficient to support a finding standard" is not rigorous, and the threshold of admissibility articulated in it is low. *State v. Steele,* Butler App. No. CA2003-11-276, 2005-Ohio-943, ¶ 115, citing *State v. Easter* (1991), 75 Ohio App.3d 22, 25, 598 N.E.2d 845. In turn, because "conclusive evidence as to authenticity and identification need not be presented to justify allowing evidence to reach the jury," the evidence establishing authenticity need only be sufficient to afford a rational basis for a jury to decide that the evidence is what its proponent claims it to be. *State v. Bell,* Clermont App. No. CA2008-05-044, 2009-Ohio-2335, ¶ 17, 30.

4

> Turning to the facts of this case, in order to establish that the digital audio recording was what the state claimed it to be, namely a recording of a conversation between C.J. and appellant, it was not required to "prove beyond any doubt that the evidence is what it purports to be." *Bell* at ¶ 30, quoting *State v. Aliff* (Apr. 12, 2000), Lawrence App. No. 99CA8, 2000 WL 378370 at \*9. Instead, the state needed only to demonstrate a "reasonable likelihood" that the recording was authentic. *Bell* at ¶ 30. Such evidence may be supplied by the testimony of a witness with knowledge. Evid.R. 901(B)(1); *State v. Brantley,* Butler App. No. CA2006-08-093, 2008-Ohio-281, ¶ 34.
>
> At trial, C.J. testified that she agreed to "wear a wire" and participate in a "covert audio recording" in order to elicit incriminating statements from appellant during her follow-up examination at his Corporate Health office. C.J. then testified that she listened to the recording, that she was able to clearly identify herself and appellant in the recording, that the recording contained no additions, omissions, or deletions, and that listening to it "gave [her] the creeps." When asked if the digital audio recording was a "fair and accurate representation" of the conversation she had with appellant that day, C.J. responded affirmatively. In addition, and in further explaining the tape's accuracy and authenticity, C.J. testified that the recording was "so accurate" that she could "see him doing it again," and that hearing appellant's voice "on that tape [was] like reliving it again."
>
> In ruling on the admissibility of the digital audio recording, the trial court found that it was properly "authenticated by testimony of a witness who has knowledge that the tape is what it is claimed to be." We find no error in the trial court's decision. As noted above, C.J., a witness with knowledge, provided extensive testimony regarding the authenticity of the digital audio recording. See, e.g., *Were,* 2008-Ohio-2762 at ¶ 109, 118 Ohio St.3d 448, 890 N.E.2d 263; *State v. Nelson* (Nov. 21, 1997), Greene App. No. 96CA 134, 1997 WL 822673 at \*2; *State v. Hall* (May 10, 1995), Hamilton App. No. C-940277, 1995 WL 276716 at \*2. Therefore, as the digital audio recording was properly authenticated, appellant's . . . assignment of error is overruled.

*State v. Moshos*, 2010 WL 703242, at \*1-2.

The factual findings of the state appellate court are presumed to be correct:

5

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In order to obtain habeas corpus relief, a petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, – S.Ct. –, 2011 WL 5299458, at *1 (Nov. 7, 2011)(quoting *Harrington v. Richter,* 562 U.S. ––––, ––––, 131 S.Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

6

jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

Petitioner argues that he was denied a fair and trustworthy trial due to the admission of what was described as a secretly recorded conversation between himself and alleged victim C.J. Petitioner complains that a detective allegedly deleted the original copy of the recording after downloading the recording onto his computer. Police then made a copy of that downloaded version, from which a transcript was prepared. Petitioner presented expert testimony at the hearing on the motion to suppress this evidence, arguing that the recording could not properly be authenticated and that portions had been manipulated, edited or tampered with. Petitioner argued that the admission of this evidence violated the Ohio Rules of Evidence. *See Exhibit 17 to Return of Writ, Appellant's Brief*. Petitioner does not, however, dispute in these proceedings the factual findings of the state appellate court.

To the extent that Petitioner alleges a violation of state law or evidentiary rules, that claim fails to provide a basis for federal relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir. 1985)).

7

Moreover, federal habeas corpus review of a state court evidentiary ruling is extremely limited. *See, e.g.*, *Waters v. Kassulke,* 916 F.2d 329, 335 (6th Cir.1990). A state court evidentiary ruling will rise to the level of a constitutional violation only where it violates a bedrock principle of justice so as to deprive the defendant of a fundamentally fair trial. *Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000); *Serra v. Michigan Dep't of Corr.,* 4 F.3d 1348, 1354 (6th Cir.1993). The Supreme Court has "very narrowly" defined the category of infractions that meets this standard. *Bey,* 500 F.3d at 522 (quoting *Dowling v. United States,* 493 U.S. 342, 352 (1990)). "The admission of evidence violates due process '[o]nly if there are no permissible inferences the jury may draw from the evidence[.]'" *Sutton v. Bell,* 683 F.Supp.2d 640, 692 (E.D.Tenn. 2010) (quoting *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir. 1991)). For the reasons addressed by the state appellate court, Petitioner has failed to meet this standard. This Court is not persuaded that the admission of the challenged evidence rendered Petitioner's trial so fundamentally unfair as to warrant habeas relief.

Claim one is without merit.

## CLAIM TWO

In claim two, Petitioner alleges that he was denied a fair trial when the trial court refused to grant his motion to sever the charges against him. The state appellate court rejected this claim as follows:

> [A]ppellant argues that the trial court erred by denying his motion to sever. We disagree.
>
> The decision to grant or deny a motion to sever is a matter in the trial court's discretion, and therefore, we review the trial court's decision under an abuse of discretion standard. *State v. Garrett,* Clermont App. No. CA2008-08-075, 2009-Ohio-5442, ¶ 40-41; *State v. LaMar*, 95 Ohio St.3d 181, 767 N.E.2d 166, 2002-Ohio-2128, ¶ 49. An abuse

8

of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Hancock,* 2006-Ohio-160 at ¶ 130, 108 Ohio St.3d 57, 840 N.E.2d 1032.

At the outset, we note that appellant did not renew his motion to sever at the close of the state's case or at the close of all evidence. As this court has previously noted, where a defendant files a motion to sever, but ultimately fails to renew his motion at the close of either the state's case or presentation of all evidence, the defendant waives all but plain error on appeal. *State v. Cobb,* Butler App. No. CA2007-06-153, 2008-Ohio-5210, fn. 6; *State v. Wright,* Warren App. No. CA2008-03-039, 2008-Ohio-6765, ¶ 10; see, also, *State v. Sapp*, 105 Ohio St.3d 104, 822 N.E.2d 1239, 2004-Ohio-7008, ¶ 68. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Crim.R. 52(B); *State v. Lott* (1990), 51 Ohio St.3d 160, 164, 555 N.E.2d 293; *State v. Smith,* Butler App. No. CA2008-03-064, 2009-Ohio-5517, ¶ 96.

It is well-established that "[t]he law favors joining multiple offenses in a single trial under Crim.R. 8(A) if the offenses charged 'are of the same or similar character.'" *Lott* at 163, 555 N.E.2d 293, quoting *State v. Torres* (1981), 66 Ohio St.2d 340, 343, 421 N.E.2d 1288; *State v. Ashcraft,* Butler App. No. CA2008-12-305, 2009-Ohio-5281, ¶ 14. In turn, "[j]oinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses." *Ashcraft* at ¶ 14, quoting *State v. Schaim,* 65 Ohio St.3d 51, 58, 600 N.E.2d 661, 1992-Ohio-31. Nonetheless, pursuant to Crim.R. 14, if it appears that the defendant would be prejudiced by joinder of the charged offenses, the trial court may grant a severance. *State v. Diar,* 120 Ohio St.3d 460, 900 N.E.2d 565, 2008-Ohio-6266, ¶ 5.

While the defendant bears the burden of proving prejudicial joinder, the state may rebut a defendant's claim of prejudice by utilizing one of two methods. *Ashcraft* at ¶ 16, citing *Lott* at 163, 555 N.E.2d 293; *State v. Johnson,* 88 Ohio St.3d 95, 109, 723 N.E.2d 1054, 2000-Ohio-276; *LaMar,* 2002-Ohio-2128 at ¶ 50, 95 Ohio St.3d 181, 767 N.E.2d 166. Initially, pursuant to the "other acts test," the state may rebut the defendant's claim of prejudice by demonstrating that it could have introduced evidence of the joined offenses at separate trials pursuant to the "other acts" provision found in Evid.R. 404(B). *State v. Coley,* 93 Ohio St.3d 253, 259, 754 N.E.2d 1129, 2001-Ohio-1340; *State v. Brinkley,* 105 Ohio St.3d 231, 824 N.E.2d 959, 2005-

Ohio-1507, ¶ 30; *Diar* at ¶ 96. On the other hand, the state may separately negate a claim of prejudice by satisfying the less stringent "joinder test," which requires the state to merely demonstrate "that evidence of each crime joined at trial is simple and direct." *Coley* at 260, 754 N.E.2d 1129; *LaMar* at ¶ 50; *Brinkley* at ¶ 37; see, also, *State v. Coleman,* 85 Ohio St.3d 129, 137, 707 N.E.2d 476, 1999-Ohio-258; *State v. Mills* (1992), 62 Ohio St.3d 357, 362, 582 N.E.2d 972.

In other words, and as recently noted by this court, "[a] showing by the state that the evidence relating to each crime is simple and direct negates any claims of prejudice and renders joinder proper." *State v. Bice,* Clermont App. No. CA2008-10-098, 2009-Ohio-4672, ¶ 53. Therefore, "[i]f the state can meet the joinder test, it need not meet the stricter 'other acts' test." *Johnson,* 88 Ohio St.3d at 109, 723 N.E.2d 1054, 2000-Ohio-276; *State v. Roy* (Sept. 28, 1998), Butler App. No. CA97-11-216, at 7-8; see, e.g., *Lott,* 88 Ohio St.3d 95 at 163, 723 N.E.2d 1054; see, also, *State v. Wiles* (1991), 59 Ohio St.3d 71, 77, 571 N.E.2d 97; *State v. Franklin* (1991), 62 Ohio St.3d 118, 122, 580 N.E.2d 1.

In its decision denying appellant's motion to sever, the trial court determined that appellant "failed to affirmatively demonstrate undue prejudice would result from joinder of the offenses" for "[t]he evidence [as] to each of the [c]ounts is simple and distinct and should not be confusing to the trier of fact," and that the "jury should reasonably be able to segregate the facts constituting the crime under each of the four [c]ounts without difficulty." After a thorough review of the record, which includes a lengthy transcript of the four-day jury trial, we find no error, let alone plain error, in the trial court's decision to deny appellant's motion to sever.

At trial, during its opening and closing statements, the state presented an organized, chronological overview of the facts as to each of the four offenses alleged by the two victims. See *Ashcraft*, 2009-Ohio-5281 at ¶ 20. In addition, not only were its witnesses all "victim specific" in their testimony, the state elicited extensive testimony from each victim who provided a detailed description of her own unwanted sexual encounters with appellant. *Id.* at ¶ 20, 23. As a result, we find that the evidence pertaining to each victim and each offense could easily be segregated and was unlikely to confuse the jury. *Brinkley,* 2005-Ohio-1507 at ¶ 37, 105 Ohio St.3d 231, 824 N.E.2d 959.

Moreover, as noted by the Ohio Supreme Court, claims of prejudicial joinder are less persuasive where the evidence is "amply sufficient to sustain each verdict, whether or not the indictments were tried together." *Sapp,* 2004-Ohio-7008 at ¶ 73, 105 Ohio St.3d 104, 822 N.E.2d 1239; *State v. Hand,* 107 Ohio St.3d 378, 840 N.E.2d 151, 2006-Ohio-18, ¶ 170. In this case, as previously noted, the state presented extensive evidence detailing each of appellant's unwanted sexual acts he committed against each of the two victims. Therefore, not only is there no indication that appellant would have defended the charges differently had they been tried separately; the strength of the state's case "establishes that the prosecution did not attempt to prove one case simply by questionable evidence of other offenses." *Lott,* 51 Ohio St.3d at 164, 555 N.E.2d 293; *Franklin,* 62 Ohio St.3d at 123, 580 N.E.2d 1; *Mills,* 62 Ohio St.3d at 362, 582 N.E.2d 972; *Johnson,* 88 Ohio St.3d at 110, 723 N.E.2d 1054, 2000-Ohio-276; *State v. McKnight,* 107 Ohio St.3d 101, 837 N.E.2d 315, 2005-Ohio-6046, ¶ 172, quoting *State v. Jamison* (1990), 49 Ohio St.3d 182, 187, 552 N.E.2d 180.

Finally, the trial court provided a limiting instruction to the jury that required it to consider the charges against appellant as separate matters. See *Franklin,* 62 Ohio St.3d at 123, 580 N.E.2d 1; *State v. Williams,* 73 Ohio St.3d 153, 159, 652 N.E.2d 721, 1995-Ohio-275; *Coley,* 93 Ohio St.3d at 261, 754 N.E.2d 1129, 2001-Ohio-1340. Specifically, the court stated the following:

"The State of Ohio chose to consolidate the four counts contained within the indictment for purposes of trial. It will be your responsibility to analyze the facts under each count separately to ultimately arrive at a decision."

The court then stated:

"Evidence may have been admitted as relevant evidence under one count under the indictment even though it is not relevant evidence against [appellant] under a separate count. You must carefully separate such evidence and consider it only as it applies, if at all, to [appellant] and the charged offense under each separate count."

"[A] jury is presumed to have followed the trial court's instructions," and there is nothing in the record to indicate the jury failed to do so in this case. *Ashcraft,* 2009-Ohio-5281 at ¶ 26, citing *State v. Dunkins* (1983), 10 Ohio App.3d 72, 73, 460 N.E.2d 688; *Williams,* 73 Ohio St.3d at 159, 652 N.E.2d 721.

> In light of the foregoing, appellant failed to demonstrate that he was prejudiced by the joinder of the charged offenses at trial. Therefore, because the trial court did not err in denying his motion to sever[.]

*State v. Moshos*, 2010 WL 703242, at *9-12.

Again, the record does not warrant habeas relief on this claim. "[W]hether the trial court erred in denying severance is generally a question of state law that is not cognizable on federal habeas appeal.... [A] criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." *Fox v. Ward*, 200 F.3d 1286, 1292 (10th Cir. 2000)(quoting *Cummings v. Evans,* 161 F.3d 610, 619 (10th Cir.1998)).

> [A]ny errors alleged in the management of a state criminal trial do not deny the defendant due process of law, *see, e.g.*, *Willard v. Pearson*, 823 F.2d 1141, 1149 (7th Cir.1987), unless they are so harmful to the cause of truth that, singly or cumulatively, they make the defendant's conviction fundamentally unfair, *see, e.g., Dudley v. Duckworth,* 854 F.2d 967, 972 (7th Cir.1988). *Bell v. Duckworth,* 861 F.2d 169, 170 (7th Cir.1988), *cert. denied,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989). More specifically,
>
> ... In reviewing state court determinations on severance, we will not grant habeas relief unless the petitioner shows both that the trial judge abused his or her discretion in refusing to sever the trial and, further, that the refusal resulted in a trial that was fundamentally unfair.... Joint trials may be found fundamentally unfair if co-defendants present true "mutually antagonistic defenses" or if the "actual conduct" of the defense of one defendant prejudices another. *Madyun,* 852 F.2d at 1033–34 (citations omitted). *See also Stomner v. Kolb*, 903 F.2d 1123, 1127 (7th Cir.), *cert. denied*, 498 U.S. 924, 111 S.Ct. 305, 112 L.Ed.2d 258 (1990).

*Lewis v. Hutch,* 964 F.2d 670, 676 (7th Cir.1992). For the reasons discussed by the Ohio Court of Appeals, Petitioner has failed to establish that the trial court's denial of his motion to sever charges resulted in a fundamentally unfair trial depriving Petitioner of due process.

Claim two is without merit.

**CLAIM THREE**

In claim three, Petitioner alleges that cumulative error in his trial denied him a constitutionally fair trial. The United States Supreme Court, however, "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006)(quoting *Loraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002)). Moreover, because the individual errors about which Petitioner complains do not, for the reasons noted *supra*, support habeas relief, the cumulative effect of those alleged errors will likewise not support habeas relief. *See Gillard v. Mitchell,* 445 F.3d 883, 898 (6th Cir. 2006) (citing *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002)).

Claim three is without merit.

**CLAIM FOUR**

In claim four, Petitioner asks for an evidentiary hearing. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* 550 U.S. 465 (2007). The United States Court of Appeals for the Sixth Circuit has held that "a habeas petitioner is generally entitled to [an evidentiary] hearing if he alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)(citation omitted). " '[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant . . . an evidentiary hearing.' " *Id.* (quoting *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001)).

The record in this action does not justify an evidentiary hearing. Petitioner's claims do not require the resolution of any disputed facts and Petitioner has not alleged facts which, if true, would

warrant federal habeas corpus relief.

Petitioner's request for an evidentiary hearing is therefore **DENIED**.

It is **RECOMMENDED** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

   *s/ Norah McCann King*
Norah McCann King

United States Magistrate Judge

February 15, 2012