IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL M. MOSHOS,

      Petitioner,                                   **CASE NO. 2:11-CV-663**
                                                **JUDGE MARBLEY**
      v.                                       **MAGISTRATE JUDGE KING**

ROBIN KNAB, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,

      Respondent.

## OPINION AND ORDER

On February 15, 2012, the Magistrate Judge denied Petitioner's request for an evidentiary

hearing and recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

be dismissed. *Order and Report and Recommendation*, Doc. No. 11. Petitioner has filed objections

to the *Order and Report and Recommendation*. *Objection*, Doc. No. 12. For the reasons that follow,

Petitioner's objections are **OVERRULED** and the *Order and Report and Recommendation* is

**ADOPTED** and **AFFIRMED**.

Petitioner objects to all of the Magistrate Judge's recommendations, as well as to the denial

of his request for an evidentiary hearing. Petitioner again raises all the same arguments that he

presented to the Magistrate Judge. Petitioner specifically objects to the Magistrate Judge's

conclusion that his claims are without merit. He again argues that he was denied a constitutionally

fair trial because the trial court permitted the jury to hear an audio recording of a conversation

between Petitioner and an alleged victim. He contends that the audio recording was inadmissible

in evidence and asserts that the prosecution never expressly proffered the recording for admission

into evidence. *Objection*, p.3. Although the prosecution apparently failed to separately proffer the

audio recording for admission into the record, the recording was in fact played for the jury during trial, *see Trial Transcript*, at 308, and the state appellate court, in rejecting Petitioner's claim, considered the recording to have been admitted into evidence.  As the Magistrate Judge noted, a "state court evidentiary ruling will rise to the level of a constitutional violation only where it violates a bedrock principle of justice so as to deprive the defendant of a fundamentally fair trial."  *Order and Report and Recommendation*, p. 8.  This Court agrees that Petitioner's claim in this regard does not meet that standard.

Petitioner also again argues that he was denied a fair trial because the trial court refused to sever the counts against him for trial.  The state appellate court held that the trial court's determination in this regard did not so prejudice Petitioner as to deprive him of due process.  This Court agrees with that conclusion.

Finally, Petitioner again contends that relief is warranted on the basis of cumulative error and that an evidentiary hearing is required.    This Court agrees with the Magistrate Judge that, because the individual errors alleged by Petitioner do not warrant habeas corpus relief, the cumulative effect of those alleged errors does not warrant habeas corpus relief.  Moreover, there is no basis for conducting an evidentiary hearing in this case.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the matter. For the reasons addressed in the Magistrate Judge's *Order and Report and Recommendation*, the Court concludes Petitioner has failed to establish that he is entitled to federal habeas corpus relief on any of his claims, or that an evidentiary hearing is warranted to resolve any of the issues raised in the *Petition*.  Petitioner's objections are therefore **OVERRULED.**

Petitioner has asked that the Court issue a certificate of appealability.   Where a claim has

been denied on the merits, a certificate of appealability may issue only if the petitioner "has made

a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard

is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983).  *See Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)).  To make a substantial

showing of the denial of a constitutional right, a petitioner must show " that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893, & n.4).  This Court is not persuaded that

Petitioner has met this standard here.

Petitioner's *Objection*, Doc. No. 12, is **OVERRULED**.   The *Order and Report and*

*Recommendation,* Doc. No. 11, is **ADOPTED** and **AFFIRMED**.   This action is hereby

**DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

The Clerk shall enter **FINAL JUDGMENT**.


    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**